COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| RANDI GREER FRANKS, | § | No. 08-24-00374-CR |
| Appellant, | § | Appeal from the |
| v. | § | 368th District Court |
| THE STATE OF TEXAS, | § | of Williamson County, Texas |
| Appellee. | § | (TC# 20-0342-K368) |

## MEMORANDUM OPINION

Appellant, Randi Greer Franks, appeals the revocation of her community supervision. Franks's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2020, a Williamson County grand jury indicted Franks for DWI third or more, based on two prior DWI convictions. Tex. Penal Code Ann. § 49.09(b)(2). On November 10, 2021, she pleaded guilty and was given a ten-year sentence, suspended with three years of community supervision. The conditions of her community supervision required her to commit no crimes, avoid the use of alcoholic beverages, report monthly, perform 112 hours of community service (no less than 8 per month), use an interlock device on her car, or if she did not drive, use a portable alcohol monitor.

The State moved to revoke her probation alleging Franks violated her probation by:

1. Committing a fourth DWI in Hays County in June 2023;
2. Failing to abstain from using alcohol on the same date;
3. Failing to report for the months of September 2023, February 2024, and March 2024;
4. Changing her address without first seeking permission;
5. Failing to perform her community service hours;
6. Failing to calibrate her interlock device every 30 days;
7. Failing to provide a breath sample on request (for the Hays County offense);
8. Operating a vehicle on June 1, 2023 (the date of the Hays County offense) without an interlock device.

She pleaded not true to all but the last charge, to which she pleaded true.

At the hearing on the motion to revoke, the State presented two witnesses: Officer John McClain who was the arresting officer for the Hays County offense, and Jason Chrestman, a probation officer. Franks testified on her own behalf.

Officer McClain was called to the scene of a 2023 Hays County accident involving two pickup trucks. Franks was the driver of one vehicle. Officer McClain smelled alcohol on Franks's breath when he was five to seven feet away from her. At the scene she admitted to having 1–2 drinks. Officer McClain accompanied her to the hospital and testified that she was unsteady on her feet, urinated on herself, and slurred her speech. At the hospital, she admitted to drinking whiskey that morning and she guessed her BAC from a blood draw would be 0.16 or 0.17 (the accident occurred at 4:00 a.m., so it was unclear what "morning" she was talking about). Her BAC was measured at 0.146.

The State also called probation officer Jason Chrestman. He testified that Franks failed to report to his office for the months of September 2023, and February, March, and June 2024. He testified that Franks moved to Sinton, Texas, without asking permission as required by the conditions of her probation. Franks had performed only 2 of 112 of her required community service

hours (but Chrestman admitted on cross that she had performed 15 hours of community service in September 2023 that were not approved). Franks was required under her conditions of probation to have an interlock device, or if she did not drive, use a personal alcohol monitor. Her interlock device shut down on April 1, 2024. And while there was testimony that Franks had obtained a SCRAM device that measured her person for alcohol from February 5, 2024 until June 6, 2024, there was a gap in having a device from June 6 to September 10, 2024.

Franks testified at the hearing and denied being inebriated in the Hay County accident, but she did not substantively contest the BAC test results. She claimed any failure to report was a misunderstanding, or stemmed from car problems, and was not intentional. She let her interlock device turn off, because she obtained the more expensive SCRAM device that constantly monitors her alcohol level, but she had to return that device in June because of its expense. Her attorney had filed a motion to allow her to substitute the SCRAM with a cheaper device, but that motion was not ruled on. Franks admitted several letters from her family and community members who explained that she is the sole parent of two minor children and is addressing her problems with alcohol. Franks's attorney asked the judge to place Franks on house arrest in lieu of sending her to prison.

The trial court found each of the State's allegations true and sentenced her to six years.

## II.  FRIVOLOUS APPEAL

Franks's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1976); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant on appeal from a criminal conviction, has no duty to pursue a frivolous

matter on appeal. *Anders*, 386 U.S. at 744. Counsel was therefore permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id.*

Counsel in this case has concluded that, after a thorough review of the record, Franks's appeal is frivolous. His brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744. In accordance with *Anders's* requirements, counsel has moved to withdraw. Additionally, counsel notified the Court in writing that he delivered a copy of the brief and motion to withdraw to Franks, and he has advised Franks of her right to review the record and file a *pro se* brief. *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (setting forth duties of counsel).

## III. INDEPENDENT REVIEW

After counsel files a proper *Anders* brief, the court of appeals must conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We have thoroughly reviewed the record and counsel's brief in this case, and we agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

## IV. FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing herself, Franks may ask the Court of Criminal Appeals to review her case by filing a petition for discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within 30 days after the day this Court's "judgment was rendered or the day the last timely motion

for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." Tex. R. App. P. 68.2. The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

## V. MOTION TO WITHDRAW

Finding Franks's counsel has substantially complied with the requirements of *Anders* and *Kelly*, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20.

## VI. CONCLUSION

We affirm the trial court's judgment.

MARIA SALAS MENDOZA, Chief Justice

April 4, 2025

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.

(Do Not Publish)